UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDRA POZO, *next friend of* OLVIN CASTILLO
CHAVEZ,

<div style="margin-left:2em">Petitioner,</div>

<div style="text-align:center">-v-</div>

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
*et al.*,

<div style="margin-left:2em">Respondents.</div>

26 Civ. 1301 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On February 15, 2026, petitioner Olvin Castillo Chavez, via next friend Sandra Pozo, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Dkt. 1. The same day, the Honorable Andrew L. Carter, Jr., sitting in his Part I capacity, ordered that, absent further order of this Court, Chavez (1) not be removed from the United States, and (2) not be transferred outside this District, the Eastern District of New York, or the District of New Jersey. Dkt. 3.

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. The Second Circuit provides that *pro bono* counsel may be appointed upon consideration of: (1) whether the party's claim has substantial merit, (2) whether the nature of the factual issues requires an investigation, and the party's ability to investigate is inhibited, (3) whether the claim's factual issues involve questions of credibility, which draws on the skills of those trained in presentation of evidence and cross examination, (4) the party's overall ability to present its case, and (5) whether the legal issues presented are complex. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986); *Garcia v. Dept. of Homeland Sec.*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for petitioner. In particular, the location of petitioner's detention, both currently and at the time the petition was filed, presents complex jurisdictional and other legal questions. Moreover, petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent petitioner in this case. For avoidance of doubt, the Court does not have the authority to "appoint" counsel, but instead, may "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). The Court further notes that there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact petitioner, or his next friend, directly.

If petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to petitioner at the address listed on the docket sheet for this action. Petitioner's next friend may receive court documents by email by completing the form, Consent to Electronic Service.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 17, 2026
New York, New York

3